**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARTINA KNIZKA | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-15199 |
| | ) | |
| v. | ) | |
| | ) | |
| PERRY'S STEAKHOUSE OF ILLINOIS, | ) | |
| LLC, | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Martina Knizka ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Perry's Steakhouse of Illinois, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5.      A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR")  (attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.      At all times material to the allegations of this Complaint, Plaintiff, Martina Knizka, resides in McHenry County in the State of Illinois.

8.      At all times material to the allegations in this Complaint, Defendant, Perry's Steakhouse of Illinois, LLC, is a corporation doing business in and for Cook County whose address is 1780 E Golf Road, Schaumburg, IL 60173.

9.      Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10.      During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

2

## BACKGROUND FACTS

11. Plaintiff (female) was hired by Defendant as a Server in or around August 2022, and was employed in this capacity until on or about July 25, 2023 when she was constructively discharged on the basis of her sex and in retaliation for opposing sexual harassment.

12. Plaintiff is female and is member of a protected class due to her sex, female.

13. Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected class.

14. Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

15. Throughout the duration of her employment for Defendant, Plaintiff met or exceeded Defendant's performance expectations in all areas, as to the best of her knowledge she never received a write-up nor a negative performance remark.

16. Beginning very early on in her employment, Plaintiff began to be subject to sexual harassment by the General Manager, Mr. Fivos.

17. Near daily, Mr. Fivos made highly inappropriate, sexually charged comments that he referred to as "jokes."

18. Plaintiff did not view these comments as jokes, and these comments were unwelcome and objectively offensive.

19. Mr. Fivos would also grab Plaintiff's hands and attempt to force her to hold his hand.

20. This action made Plaintiff extremely uncomfortable to the point where she told him to stop, opposing the continued sexual harassment.

21. On one occasion, while Mr. Fivos was grasping Plaintiff's hand, he made a

3

comment about his penis.

22.     Plaintiff was incredibly shocked and taken aback, and removed herself from this conversation, telling Mr. Fivos to not speak to her in that manner.

23.     Mr. Fivos also continuously called Plaintiff beautiful, and on one occasion, told Plaintiff she looked "as beautiful as ever."

24.     Any time that Plaintiff questioned his comments, Mr. Fivos would say, "I know that I can talk to you a certain way," implying that he could talk to Plaintiff how he wanted to because he is General Manager.

25.     These insinuations left Plaintiff feeling like she had no one to report the continuous sexual harassment to.

26.     Plaintiff was further deterred from reporting the conduct to Human Resources because, upon information and belief, Sarah (LNU), a former employee, was fired after she lodged complaints to Defendant's Human Resources Department.

27.     After Plaintiff opposed the sexual harassment, Mr. Fivos began retaliating against Plaintiff by reducing her hours and giving her less tables.

28.     When Plaintiff complained about not having tables, Mr. Fivos threatened to send Plaintiff home early.

29.     Other servers would have a full section with large parties, while Plaintiff would have an empty section and would receive few customers.

30.     Further, Plaintiff was constantly subjected to disparate treatment on the basis of her sex.

31.     General Manager Fivos constantly spoke to Plaintiff in a much harsher way than he spoke to male employees.

32. He constantly cursed and showed verbal aggression, talking down to Plaintiff and other female servers.

33. Mr. Fivos also constantly threatened to fire Plaintiff.

34. Male servers were not subject to this same, belittling treatment.

35. Mr. Fivos also forced Plaintiff to work while she was sick, while other, non-female, similarly situated employees were not required to come in when sick.

36. Eventually, the disparate treatment and sexual harassment became so constant that Plaintiff could not tolerate it.

37. Further, Plaintiff had no one to report this conduct to and therefore no way to remedy the situation.

38. No reasonable person would have been able to continue working in this environment.

39. Therefore, on or about July 25, 2023, Plaintiff was constructively terminated on the basis of her sex and in retaliation for opposing sexual harassment.

40. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to, as the individual that repeatedly sexually harassed Plaintiff was Defendant's General Manager.

41. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- by opposing sexual harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

42. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

43. By virtue of the conduct alleged herein, Defendant engaged in unlawful

employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

44. Defendant knew or should have known of the harassment.

45. The sexual harassment was severe or pervasive.

46. The sexual harassment was offensive subjectively and objectively.

47. The sexual harassment was unwelcomed.

48. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, female.

49. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

50. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

51. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

52. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, female, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

53. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant, as evidenced by the lack of write-ups and negative performance remarks.

54. Plaintiff was treated less favorably than similarly situated employees outside of

Plaintiff's protected class.

55.     Plaintiff's was constructively terminated on the basis of Plaintiff's sex.

56.     Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

57.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

58.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

59.     Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

60.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

61.     During Plaintiff's employment with Defendant, Plaintiff opposed sexual harassment and sex-based discrimination that she was continuously subjected to.

62.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

63.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

64.     Defendant also failed to take necessary precautions to prevent further recurrences

of the discriminatory and harassing conduct complained of by Plaintiff.

65.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, including but not limited to reduction of hours, receiving less customers and tables, and ultimately, constructive termination.

66.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on opposing the sexual harassment and sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

67.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

68.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

      a.     Back pay and benefits;

      b.     Interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Compensatory damages for emotional pain and suffering;

      e.     Pre-judgment and post-judgment interest;

      f.     Injunctive relief;

      g.     Liquidated damages;

      h.     Punitive damages;

      i.     Reasonable attorney's fees and costs; and

      j.       For any other relief this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 20th day of October, 2023.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*